IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA UDELL, on behalf of herself and a class of those similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WELLS FARGO FINANCIAL, INC. and )<br>WELLS FARGO FINANCIAL ILLINOIS, )<br>INC. d/b/a Wells Fargo Financial and )<br>Wells Fargo Financial Acceptance, and )<br>DOES 1-50, )<br>)<br>Defendants. ) | FILED: JUNE 02, 2008<br>Case No.  08CV3177   TC<br>         JUDGE GUZMAN<br>Judge   MAGISTRATE JUDGE SCHENKIER<br>Magistrate Judge<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

1.  This is a class action brought by Individual and Representative Plaintiff Anita Udell (collectively "Plaintiffs"), on her own behalf and on behalf of the proposed class identified below. Plaintiff and the putative class members were or are employed by Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial Illinois, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers," "senior credit managers," "assistant managers," and/or "loan processors." Plaintiff and the putative class members are or were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and entitled to overtime pay consistent with the requirements of this law. As current/former credit managers, senior credit managers, assistant

managers, and loan processors under a particular management chain, these employees are/were similarly-situated under the FLSA, 29 U.S.C. § 216(b).

2. The Collective Class is made of all persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Illinois under the same first, second, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[1]

3. During the Collective Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class as required by federal law. Plaintiff seeks relief for the Collective Class under the Fair Labor Standards Act, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, and follow the FLSA's record keeping requirements, in addition to injunctive relief.

## THE PARTIES

4. Individual and representative Plaintiff Anita Udell resides in Lombard, Illinois (DuPage County). She was employed by Defendant as a Credit Manager from approximately [1] August 2004 to October 2005 in Aurora, Illinois (Kane County). Plaintiff

---

[1] Pursuant to an order of the Court in the related matter of **Castle, et al., v. Wells Fargo Financial, Inc., et al.,** Case No. 3:06-cv-4347 (N.D. Cal. 2008) (Illston, J.) which has preclusive, collateral estoppel effect here, Plaintiff and the putative class members will have the statute of limitations tolled for specified periods of time.

Udell is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

5.      Upon information and belief, Defendant Wells Fargo Financial, Inc. and Wells Fargo Financial Illinois, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, are companies doing business in and maintaining branches in the State of Illinois, including a facility in Kane County, Illinois.

6.      Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

7.      Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 et seq. Plaintiff Udell has signed a consent form to join this lawsuit.

9. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendants operate a facility in Kane County, Illinois, and because a substantial part of the events giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly-situated are:

**Collective Class:**

All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Illinois under the same first-, second-, and third-level managers as the named Plaintiff, at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[2]

11. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

---

[2]   See *supra* Footnote 1.

12. Defendants' unlawful conduct has been widespread, repeated, and consistent.

13. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

14. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

15. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

16. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

17. Plaintiff consents in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

18.At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

19.The FLSA requires each covered employer, such as each Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

20.During her employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay her the appropriate overtime compensation for all the hours worked in excess of forty.

21.By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, et seq.

22.The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

23. Plaintiff, on behalf of herself and the Collective Class, seeks damages in the amount of her respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

24. Plaintiff, on behalf of herself and the Collective Class, seeks recovery of her attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

25. **WHEREFORE**, Plaintiff, on behalf of herself and all members of the Collective Class, prays for relief as follows:

   A. That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiff and the Collective Class;

   B. That Defendants are found to have violated the FLSA by failing to follow the FLSA's record keeping requirements;

   C. That Defendants' violations as described above are found to be willful;

   D. An award to Plaintiff and the Collective Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial; and

   E. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

26. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

          Respectfully submitted,


          /s/ Robin Potter
          One of Plaintiffs' Attorneys


| | |
|---|---|
| Bryan J. Schwartz, Esq. | Robin Potter, Esq. |
| schwartz@nka.com | robinpotter@igc.org |
| NICHOLS KASTER & ANDERSON, LLP | Denise M. Kelleher, Esq. |
| One Embarcadero Center, Suite 720 | ROBIN POTTER & ASSOCIATES, P.C. |
| San Francisco, CA 94111 | 111 East Wacker Drive, Suite 2600 |
| (415) 277-7235 | Chicago, Illinois 60601 |
| | (312) 861-1800 |

Dated: June 2, 2008